THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NEIL STARACE AND
GLORIA STARACE

    Plaintiffs,                                  CASE NO.:

AVERITT EXPRESS, INC.,
a Foreign For Profit Corporation,

    Defendant.

---

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA IN AND FOR HILLSBOROUGH COUNTY
CIVIL DIVISION

NEIL STARACE AND
GLORIA STARACE

    Plaintiffs,                                  CASE NO.: 12-CA-4171
                                                            Division: H
AVERITT EXPRESS, INC.,
a Foreign For Profit Corporation,

    Defendant.
_____/

## PETITION FOR REMOVAL

TO:    The Honorable Judges of the United States District Court
        for the Middle District of Florida

    Defendant, AVERITT EXPRESS, INC., gives Notice of Removal of the above-styled action from the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, to this Court. Removal is proper on the following grounds:

    1.    Plaintiffs filed their initial Complaint in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on March 14, 2012. The clerk of that court assigned the case number: 12-CA-4171. Prior to filing its answer, Plaintiffs served

AVERITT with their First Amended Complaint. (See First Amended Complaint, attached as Exhibit "A").[1]

2. Plaintiffs served the First Amended Complaint on AVERITT on March 26, 2012.

3. The First Amended Complaint alleges, *inter alia*, that the Plaintiffs were involved in a motor vehicle accident on October 6, 2010 in the Commonwealth of Virginia. Plaintiffs allege they have sustained severe injuries as a result of the accident that are permanent or continuing in nature. In addition, Plaintiffs allege that their automobile was damaged and request reimbursement for the loss of use and amounts spent for repair of their vehicle.

4. Defendant, AVERITT EXPRESS, INC., is a foreign corporation that is incorporated in Tennessee and has a principle place of business in Putnam County, Tennessee.

5. Plaintiffs' First Amended Complaint alleges compensatory damages in excess of $15,000.00.

6. Based on information and belief, and Plaintiffs' pre-suit demand package dated December 29, 2011 (attached hereto as Exhibit "B"), the amount in controversy demanded to compensate the Plaintiffs for their alleged injuries vastly exceed this Court's jurisdictional limits. Specifically, the Plaintiffs have advised that their injuries are ongoing and that they will require medical care into the future. According to their presuit demand, Neil Starace's alleged damages total $274,059.00 and Gloria Starace's damages total $408,382.00. (See Exhibit "B," pgs. 4 and 6). In addition, Plaintiffs alleged property damage to their car in the amount of $6,015.20. (See Exhibit "B," pg. 2).

---

[1] Plaintiff was served with the First Amended Complaint on April 4, 2012. Per Florida Rule of Civil Procedure 1.140 ("within 20 days of service") and Federal Rule of Civil Procedure 12(a) ("21 days after being served"), Plaintiff's responsive pleading is due at the very earliest on April 24, 2012. Accordingly, Plaintiff will file its responsive pleading with this Court on or before April 24, 2012.

7. Removal of this action is proper under 28 U.S.C. 1332, which allows for Federal District Court jurisdiction over "all civil actions where the matter in controversy exceeds that sum or value of $75,000.00," and is between citizens of a States and citizens or subjects of a foreign state. 28 U.S.C. 1332. A corporation is deemed to be a citizen of any State or nation where the corporation is incorporated and in the State or nation where it has its principle place of business. *Id.*

8. This Court may rely on Plaintiffs' presuit demand package for purposes of determining amounts in controversy for removal purposes. *Stramiello v. Petsmart, Inc.*, 2010 U.S. Dist. LEXIS 59119, 11 (M.D. Fla. May 26, 2010) (considering presuit demand package, including related medical bills, when determining amount in controversy for removal purposes); *Katz v. J.C. Penney Corp.*, 2009 U.S. Dist. LEXIS 51705, 15 (S.D. Fla. June 1, 2009) (dismissing plaintiff's argument that a court cannot rely on presuit demand packages when determining amount in controversy for removal purposes). The Court held in *Katz* that Florida Statute §90.408 and Federal Rule of Evidence 408 do not preclude the Court from considering a presuit demand package when attempting to discern the amount in controversy for removal purposes. *Id.* at 10-12.

9. Venue is proper in this Court under 28 U.S.C. 1332.

10. Defendant simultaneously files all State Court pleadings it possesses with this Notice of Removal. Defendant will contact the Clerk of the Court to determine what documents on file have not been properly served and will forward those documents to the Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been sent via U.S. Mail to, Rolando J. Santiago, Esq., 240 Apollo Beach Blvd., Apollo Beach, Florida 33572, on this 9 day of April, 2012.

_____
Christopher A. Roach, Esq.
Florida Bar No. 0049033
Phillip J. Harris, Esq.
Florida Bar No. 0044107
ADAMS AND REESE LLP
101 E. Kennedy Street, Suite 4000
Tampa, FL  33602
(813) 402-2880
(813) 402-2887 (Facsimile)
*Attorneys for Averitt Express, Inc.*