UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NEIL STARACE and GLORIA STARACE,

    Plaintiff,

v.                                  CASE NO.: 8:12-cv-769-T-23AEP

AVERITT EXPRESS,

    Defendants.
_____/

**ORDER**

The plaintiffs sue in the circuit court for Hillsborough County, Florida, for injuries sustained from an auto accident. The complaint seeks "damages that exceed[] . . . $15,000." (Doc. 2, ¶ 1) The defendant removes (Doc. 1), claims diversity of citizenship under 28 U.S.C. § 1332, and alludes to the plaintiffs' pre-suit demand letters in an attempt to establish that the amount in controversy exceeds $75,000.

Under 28 U.S.C. § 1441, a defendant may remove an action over which a federal district court has original jurisdiction. The removing defendant bears the burden of establishing facts supporting federal jurisdiction. *See Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 App'x 480, 481 (11th Cir. 2005). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth

the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams v. Best Buy*, 269 F.3d 1316, 1319–20 (11th Cir. 2001).

Rather than stating facts to establish an amount in controversy, the notice of removal cites a pre-suit demand letter from each plaintiff. One letter apparently demands $274,059; the other apparently demands $408,382. The plaintiff attaches neither letter to the notice of removal and fails to state the nature of the claimed damages. Nonetheless, "[a] pre-suit settlement demand provides only marginal evidence of the amount in controversy because the 'plaintiff's letter is nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages' sought by the plaintiff." *Bylsma v. Dolgencorp, LLC*, No. 8:10-cv-1760-T-23TBM, 2010 WL 3245295, *1 (M.D. Fla. Aug. 17, 2010) (quoting *Standridge v. Wal-Mart Stores, Inc.*, 945 F. Supp. 252, 256–57 (N.D. Ga. 1996) (O' Kelley, J.)); *see also Burns v. Winsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1995) (finding that a settlement demand is relevant but not determinative of the amount in controversy). Unaccompanied by facts (or even the demand letters), the defendant's notice of removal invites jurisdictional speculation, a practice prohibited by the Eleventh Circuit. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007) ("The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined

by looking to the stars."); *Bradley v. Kelly Servs., Inc.*, 224 F. App'x 893, 895 (11th Cir. 2007).

The defendant urges reliance upon a "demand package" in determining jurisdiction. A "demand package" typically includes evidence of damages, such as medical bills and other specifics, calculated to inform and persuade. No evidence of a "demand package" appears in this record. The claimed demand letters appear nowhere, either. The notice is bare and deficient.

Accordingly, because the defendant fails to establish subject matter jurisdiction, this action is **REMANDED** under 28 U.S.C. § 1447(c) to the circuit court for Hillsborough County, Florida. The clerk is directed to (1) mail a certified copy of this order to the Clerk of the Circuit Court for Hillsborough County, Florida, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on July 13, 2012.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE